# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| THEODORE NELSON, | |
| Petitioner, | No. 19-cv-743 (MJD/TNL) |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN M. RIOS, | |
| Respondent. | |

On March 18, 2019, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). Petitioner did not pay a filing fee, but instead filed a self-styled Petition to File and Proceed In Forma Pauperis. (ECF No. 2). On March 27, 2019, the Court ordered Petitioner to file a completed application to proceed *in forma pauperis* ("IFP") within 30 days. (ECF No. 3). The Court stated in the Order that if Petitioner failed to do so, it would recommend that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). As of May 24, 2019, Petitioner has failed to respond to the Court's March 27, 2019 Order.

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Petitioner has failed to prosecute. He has failed to respond at all to the Court's Order requiring a completed IFP application. Nor has he requested an extension of time to file such an application or provided any reason to believe that a completed application is forthcoming. Given Petitioner's failure to comply with the Court's March 27, 2019 Order, the Court concludes dismissal for failure to prosecute is warranted.

Now, the Court must determine how that dismissal is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes, given Petitioner's pro se status, that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Petitioner's access to justice. *Id.*; *see*

2

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Petitioner is warned that given the Court's recommendation in this matter, dismissals of future cases filed by Petitioner may well justify dismissal with prejudice.

Therefore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.


Date: May 24, 2019                                *s/ Tony N. Leung*
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Nelson v. Rios*
                                                  Case No. 19-cv-743 (MJD/TNL)


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).